# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **RONALD WILLIAM BARTLETT,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Case No. 3:17-cv-00931** |
| ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM

Ronald Bartlett has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1), challenging an allegedly illegal sentence previously imposed by this court. *See United States v. Bartlett*, No. 3:09-cr-00095 (M.D. Tenn. Sept. 25, 2009) (Judgment, Doc No. 46).[1] As explained below, the court finds that an evidentiary hearing is not required and that the movant is not entitled to relief.

## I. PROCEDURAL BACKGROUND

On June 22, 2009, Bartlett pleaded guilty to unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), before now-retired Judge Todd J. Campbell. (Crim. Doc. Nos. 13, 25, 26.) At a subsequent sentencing hearing, Judge Campbell adopted the findings in the Presentence Report (Crim. Doc. No. 49), which determined that the defendant was a career offender under U.S.S.G. § 4B1.1, based on three prior Tennessee convictions for aggravated burglary and one New York conviction for attempted robbery, third degree. (Crim. Doc. Nos. 44, 46, 47, 52.) Judge Campbell also determined that the defendant's advisory guideline range was 151 to 188 months, based on a

---

[1] References to the criminal case record herein will be designated as "Crim. Doc. No. __."

total offense level of 29 and a criminal history category VI. (Crim. Doc. Nos. 47, 52.) The court imposed a sentence of 151 months of imprisonment. (Crim. Doc. No. 46.) The Sixth Circuit affirmed. (Crim. Doc. No. 53.)

Bartlett, through counsel, filed his original *pro se* Motion to Vacate on March 31, 2016. *Bartlett v. United States*, No. 3:16-cv-695, (M.D. Tenn.) (Doc. No. 1). Judge Campbell appointed counsel, who filed an amended motion. The amended petition argued that Bartlett's sentence should be reduced based on *Johnson v. United States*, 135 S. Ct 2551 (2015), because he no longer qualified as a career offender under the guidelines. Following Judge Campbell's retirement, the matter was reassigned to the undersigned, and that motion, as amended, was denied on the basis of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the sentencing guidelines are advisory and not subject to a vagueness challenge. *Bartlett v. United States*, No. 3:16-cv-00695 (M.D. Tenn. June 22, 2017).

On June 9, 2017, prior to the dismissal of the original § 2255 motion, Bartlett filed the instant Motion to Vacate, reasserting his claims that he was improperly sentenced as a career offender, because his prior convictions for burglary do not qualify as crimes of violence. The Motion to Vacate was originally assigned to Chief Judge Waverly Crenshaw, Jr., who conducted an initial review and, because it was filed prior to the final adjudication of the original motion, determined that the new Motion to Vacate should be transferred to the undersigned and treated as a motion to amend the original motion rather than as a successive motion. (Doc. No. 3.) Following transfer, this court granted Bartlett leave to amend and directed the government to respond to the amended Motion to Vacate. The government has filed its Response (Doc. No. 6), arguing that relief remains barred by *Beckles* and that, in any event, the arguments raised in the amendment are time-barred.

**II.     LEGAL STANDARD**

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

As a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "cause" to excuse the procedural default and "actual prejudice" resulting from the alleged errors, *United States v. Frady*, 456 U.S. 152, 168 (1982) (citations omitted), or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel is not subject to the procedural-default rule, *Massaro v. United States*, 538 U.S. 500, 504 (2003), and may be raised in a collateral proceeding under § 2255, regardless of whether the movant could have raised the claim on direct appeal. *Id.*

Generally, claims raised in a § 2255 motion are subject to a one year statute of limitations

running from the date the underlying conviction becomes final. 28 U.S.C. § 2255(f)(1). In addition, if the Supreme Court decides a case recognizing a substantive new right and the ruling is "made retroactively applicable to cases on collateral review," a federal prisoner seeking to assert that right has one year from the date of the Supreme Court's decision within which to file his § 2255 motion. 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

**III. DISCUSSION**

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 (2015). It determined that the ACCA's residual clause—which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* The Court subsequently affirmed that *Johnson* announced a new rule of substantive law that was retroactively applicable on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus authorizing the filing of new § 2255 motions raising *Johnson*-based claims with a one-year limitations period that began running on June 26, 2015, the day *Johnson* issued. 28 U.S.C. § 2255(f)(3).

Bartlett was not sentenced under the ACCA. Instead, his sentencing range was based on the career-offender sentencing guideline. The career-offender guideline defines as a "career offender" any adult offender whose "offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As relevant here, the guidelines in effect in September 2009, when Bartlett was sentenced, defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term

>exceeding one year, that –
>
>>(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>>(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2008) (emphasis added). In other words, the sentencing guidelines governing career-offender status had a "residual clause" ("otherwise involves conduct that presents a serious potential risk of physical injury to another") identical to the ACCA's unconstitutionally vague residual clause.[2] It also incorporates a similar "enumerated offense" clause and a "use of force" clause.

Bartlett's original motion posited, based on *Johnson*, that the residual clause in § 4B1.2(a) is also unconstitutionally vague. He argued that his characterization as a career offender under the guidelines violated his constitutional rights, because his offense of conviction, federal bank robbery, as well as his underlying convictions for aggravated burglary under Tennessee law and attempted third-degree robbery under New York law, could only qualify as crimes of violence under the now-unconstitutional residual clause of § 4B1.2(a). The court's ruling on the original motion, issued after Bartlett filed his amended motion, denied relief based on *Beckles*. *Beckles* established that, because the sentencing guidelines—including the residual clause in § 4B1.2(a)— are advisory rather than compulsory, they are not subject to a vagueness challenge under the Due Process clause. *See Bartlett v. United States*, No. 3:16-cv-00695, slip op. at 5 (M.D. Tenn. June 22, 2017) ("Thus, even if the Petitioner's unarmed bank robbery and burglary convictions qualified

---

[2] Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

as 'crimes of violence' under the career offender guideline's residual clause, application of that provision was not unconstitutional.").

The amended *pro se* Motion to Vacate now before the court argues, again, that the movant's underlying convictions do not qualify as crimes of violence except under the residual clause and that the movant was improperly sentenced as a career offender. In particular, Bartlett asserts that, applying the categorical approach required by *Mathis v. United States*, 136 S. Ct. 2243 (2016) burglary no longer qualifies as a crime of violence.

Bartlett's argument remains foreclosed by *Beckles*: the advisory sentencing guidelines, including the residual clause of § 4B1.2(a), are not subject to a vagueness challenge and are not unconstitutional. Thus, even if the prior convictions for burglary only qualified as crimes of violence under the residual clause of U.S.S.G. § 4B1.2(a), application of that guideline was not unconstitutional. Moreover, this claim is not cognizable under § 2255 at all. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (holding that a non-constitutional challenge based on a claim that Tennessee aggravated burglary does not qualify as generic burglary under § 4B1.2 is not cognizable under § 2255), *cert. denied*, 139 S. Ct. 1573 (2019).

Even if Bartlett's amended Motion to Vacate could be construed as raising a new constitutionally based claim that was not already addressed in his original motion, it would be barred by the statute of limitations set forth in 28 U.S.C. § 2255(f). The judgment against Bartlett became final in 2011. The statute of limitations for most claims expired one year later, in 2012. Any claim based on *Johnson* had to have been brought by June 26, 2016, but Bartlett's amended motion was filed in June 2017. *Mathis* did not articulate a new rule of constitutional law made retroactive on collateral review and did not restart the running of the statute of limitations. *Accord Williams v. United States*, No. 2:12-CR-54-RLJ-MCLC-1, 2017 WL 1450300, at *3 (E.D. Tenn.

Apr. 21, 2017) ("Petitioner's *Mathis*-based challenge to use of his prior drug offense as a controlled substance offense under Section 4B1.1(a)(3) does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3)."), *certificate of appealability denied*, No. 17-5695, 2018 WL 3089199 (6th Cir. Jan. 11, 2018); *Henderson v. United States*, 207 F.Supp.3d 1047, 1050 (W.D. Mo. 2016) ("*Mathis* does not present a new rule or procedure."); *Leone v. United States*, 203 F. Supp. 3d 1167, 1177 (S.D. Fla. 2016) (holding that *Mathis* did not articulate a "new rule" within the meaning of § 2255(f)(3)), *reconsideration denied*, 233 F. Supp. 3d 1366 (S.D. Fla. 2017). Accordingly, any new claims brought in the amended motion are barred by the statute of limitations.

Finally, even considered on the merits, Bartlett's claim fails. After the briefing in this case concluded, the Supreme Court, reversing the Sixth Circuit's *en banc* conclusion to the contrary, held that Tennessee aggravated burglary, defined as "burglary of a habitation," Tenn. Code Ann. § 39-14-403(a), qualifies as a generic "burglary" under the enumerated-offense clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Stitt*, 139 S. Ct. 399, 407 (2018). Because "[a] 'crime of violence' under the career-offender provision is interpreted identically to a 'violent felony' under ACCA," *Snider*, 908 F.3d at 189 (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)), *Stitt* compels the conclusion that Tennessee aggravated burglary is a crime of violence for purposes of sentencing under U.S.S.G. § 4B1.1 as well.

## IV. CONCLUSION

For the reasons set forth herein, the § 2255 motion will be denied.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). Because the court finds that the movant's claims do not warrant further attention, the court will deny a COA.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge